176 A.2d 850 (1961)
James N. BARROWAY and Blanche Barroway, Plaintiffs,
v.
Richard S. REYNOLDS, Jr., J. Louis Reynolds, William G. Reynolds, David P. A. Reynolds, Joseph H. McConnell, I. P. Macauley, Walter L. Rice, C. F. Manning, William T. Brunot, Warren S. Watts, Marion M. Caskie, Richard S. Reynolds, Jr., As Trustee, Julia Louise Reynolds, individually and as Trustee, Reynolds Corporation, a Delaware corporation, Reynolds Metals Company, a Delaware corporation, Richard S. Reynolds Foundation, a foundation, and United States Foil Company, a Delaware corporation, Defendants.
Court of Chancery of Delaware, New Castle.
November 27, 1961.
S. Samuel Arsht, Harvey S. Kronfeld and Richard H. Allen of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiffs.
Aaron Finger, of Richards, Layton & Finger, Wilmington, and Mathias F. Correa, Dudley B. Tenney, Howard W. Phillips of Cahill, Gordon, Reindel & Ohl, New York City, Joseph H. McConnell, Wilmington, Del., and Gustav B. Margraf, Richmond, Va., for defendants.
SEITZ, Chancellor.
Plaintiffs, holders of non-voting shares of U. S. Foil Company ("Foil"), filed this action seeking a monetary judgment against and an accounting from the defendants who constituted the so-called "Reynolds Group" and who controlled Foil's voting stock and board of directors. The complaint was occasioned by action taken by the Reynolds Group both as voting stockholders and as controlling board members of Foil to settle a then pending class and derivative action against them, Foil and the controlled operating company, Reynolds Metals Company ("Metals"). The proposed settlement involved an agreement to submit to the stockholders of Foil a plan of reclassification of the voting and non-voting shares of Foil into one class with voting rights. Each voting share, held only by the Reynolds Group, would be converted into three shares of the new stock, while each non-voting share would be exchanged for one share of the new stock. Foil would then be merged into Metals. The entire settlement was made subject to court approval as to its fairness.
*851 All stockholders received notice of the proposed settlement. Several of them objected in various ways. Thus, the Barroways, plaintiffs here, sought to prevent approval of the settlement by intervening in the main action. Permission to intervene for the purpose of objecting to the fairness of the settlement was granted. They also filed an independent action seeking the same relief by way of injunction. Their application for a preliminary injunction was considered in conjunction with the hearing on the fairness of the settlement. They alleged, inter alia, that the proposed reclassification constituted a breach of fiduciary duty by the Reynolds Group.
The plaintiffs' present action was commenced shortly before the hearing by the court on the fairness of the proposed settlement. It alleged in important part as follows:
"(a) As aforesaid, the proposed reclassification and merger of defendant's stock constitute an appropriation by the Reynolds group as Class A stockholders exclusively to and for themselves of a premium or bonus or addition to equity in defendant amounting to nearly forty million dollars ($40,000,000) at the expense of the Class B stockholders of defendant in violation of the Reynolds group's fiduciary duties and obligations as controlling stockholders and directors to plaintiffs and other Class B stockholders. Such $40,000,000 premium, bonus or additional equity is exorbitant and out of all proportion to the value of each share of Class A vis a vis each share of Class B stock.
* * * * * *
"(c) Not only will majority voting control of Reynolds Metals (which is now an asset of defendant) not pass to defendant's Class B stockholders, who are paying almost $40,000,000 to the Reynolds Group, but the Reynolds group will not, as a result of the proposed reclassification and merger, relinquish its actual control of Reynolds Metals. On the contrary, the Reynolds group will continue to have effective voting control of Reynolds Metals through its ownership of at least approximately 2,868,000 shares (17.4%) of the common stock of Reynolds Metals that will be outstanding if the proposed reclassification and merger are consummated. But if such block of 2,868,000 shares of Reynolds Metals will not constitute effective working control of Reynolds Metals then such working control will have been transferred not to the Class B stockholders of defendant who are giving up $40,000,000 of equity to the A stock, but to the present stockholders of Reynolds Metals other than defendant."
The court approved the settlement. Manacher v. Reynolds (Del.Ch.), 165 A.2d 741[1]. The objectors then appealed to the Supreme Court of Delaware. The Barroways appealed as interveners in the Manacher case and also in their case in which they sought a preliminary injunction.
Before the appeal was argued the parties settled the appeal and agreed to the granting of a motion to dismiss thereon. By the terms of the settlement no cash dividends were to be paid upon the Reynolds Metals common stock to be issued in the merger in exchange for the additional shares to be received by the holders of the Class A stock until Reynolds Metals had paid dividends amounting in the aggregate to $2.50 per share on other shares. The dividends thus waived by the former Class A stockholders amounted to $1,728,900.
As part of the settlement of the appeal the Barroways insisted that the settlement papers contain the following provision:
"1. The motion to dismiss and agreement, a copy of which is annexed hereto, *852 is not to be deemed a settlement of the above entitled action [present case]; and both the plaintiffs and the defendants shall be free, respectively, to make such contentions in the above entitled action as they may deem appropriate with respect to the effect the judgments and records in Civil Action Nos. 1129, 1312 and 1314 may have upon plaintiffs' claims in the above entitled action, except that the defendants agree not to contend that the annexed motion and agreement in Civil Action Nos. 1129, 1312 and 1314 constitutes a settlement of the above entitled Civil Action No. 1320."
I assume that the settlement of the appeal is not decisive here. However, it is clear that the stipulation left untouched the effect of my judgment approving the settlement below.
Returning to the present action, we find that the defendants filed a motion for summary judgment claiming that this action is barred by some phase of res adjudicata or by estoppel on the basis of my judgment approving the settlement. Plaintiffs say these doctrines are inapplicable to the theory of their claim in this action. They argue the issue is whether the directors of Foil breached any fiduciary duty, as directors, to the B stockholders in consummating the reclassification and merger on the terms they proposed which renders them pecuniarily liable to the B stockholders for the latters' resultant damage.
It is undisputed that these plaintiffs were permitted to intervene in the settled action in order to object to the fairness of the proposed settlement. It is also clear that they objected to its approval on the same grounds upon which they now rely to support a recovery for damages and an accounting. Plaintiffs say that the ultimate issue in the Manacher case was whether the court would approve the dismissal of the complaint. "Everything else the court said was merely collateral or incidental to that ultimate issue". They also say "the liability of the directors and/or stockholders for proposing and consummating this tie-in reclassification and merger has never been determined."
The ultimate objective of the settlement hearing was of course to determine whether the settlement was sufficiently fair to justify the dismissal of the complaint. The present plaintiffs, as objectors, contended "that the officials of Foil, being members of the Reynolds Group, violated a fiduciary duty which they owed the B shareholders". It consisted of their exacting the 3 for 1 premium as their price for letting "their" board act on a merger which they could not prevent by their votes as stockholders. The court posed the question and gave its answer:
"* * * Was the Reynolds Group prohibited from asking for the premium as a condition to their agreeing to vote in favor of the merger?
"The record shows quite clearly that the settlement was actually an arm's-length transaction involving the Reynolds Group on one side and plaintiff, as representative of the B, on the other, and plaintiff, not the Reynolds Group, was the moving force. There is no question of collusion or bad faith. It is true that the directors controlled by the A had to agree to exercise their corporate positions in a particular way before there could be a settlement. But, I think that factor not decisive here. This transaction involved an unconcealed attempt to adjust rights between classes of stock and no `advantage' was taken of superior knowledge, etc. The B stockholders were fully advised and, of real importance, had to give their approval as a condition precedent to court approval. They were not controlled by the Reynolds Group. Under such circumstances I do not believe the officials of Foil or its A stockholders breached any fiduciary duty owed the B. Precise precedents have not been cited but analogous situations support my conclusion. * * *"
*853 Is this determination to be given any effect in the present action? Plaintiffs say "no" because it was an incidental and not an ultimate issue. Plaintiffs concede that the approval of the settlement was binding as to all matters asserted in the original complaint. But they say in effect that when the terms of settlement include a term (reclassification ratio) which is not in or related to the subject matter of the complaint, the approval of the settlement does not impart such binding effect to such term.
Preliminarily, it should be noted that in its opinion passing on the settlement this court was required to meet the argument of these plaintiffs, among others, that it lacked jurisdiction to approve the settlement because component parts thereof were so unrelated to the objects of the original complaint as not to be germane thereto. The court concluded that the facts were before the court and the terms were sufficiently germane to the subject matter of the original complaint to give the court jurisdiction. The court proceeded to consider the fairness of the terms of the settlement.
When the court is passing on the fairness of the terms of a settlement, it would seem that at least the parties thereto should be bound for all purposes by determinations which are made in resolving contentions attacking its terms where, as here, the pertinent facts are fully disclosed to and evaluated by the court. If the defendants are to be liable in independent actions attacking their actions in connection with the terms of the settlement, they have not really been permitted to settle for the consideration tendered. Certainly such a collateral attack on the terms of an approved settlement cannot be permitted.
The plaintiffs having been parties to the settlement hearing and having there advanced the legal claim and supporting facts which form the basis for the present claim and having had it rejected, and there being no evidence of fraud or bad faith in any other form on the part of the defendants, see Karasik v. Pacific Eastern Corp., 21 Del.Ch. 81, 180 A. 604, I conclude that this court's unimpeached judgment of dismissal was, at least as to these plaintiffs, a binding determination of the claim now sought to be asserted by these plaintiffs. While it dealt with an attack on the settlement of the same cause of action rather than on a term of the settlement not covered by the pleadings, the legal effect accorded the settlement in Stella v. Kaiser, 2 Cir., 218 F.2d 64, tends to support my conclusion. See also Milvy v. Sperry Corp., Sup., 36 N.Y.S.2d 881. It follows that defendants' motion for summary judgment should be granted.
Present order on notice.
NOTES
[1] I agree that the inadvertent inclusion of the caption of this case with the other captions in the opinion on the fairness of the proposed settlement is not dispositive here.